1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | Criminal Action |
| | * | No. 02-346 |
| Plaintiff, | * | |
| | * | Section "L" |
| v. | * | |
| | * | New Orleans, Louisiana |
| DAVID DUKE, | * | March 12, 2003 |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * *

SENTENCING,
BEFORE THE HONORABLE ELDON E. FALLON,
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:        United States Attorney's Office
                           By:  CARTER K. GUICE, JR., ESQ.
                           By:  JAN M. MANN, ESQ.
                           Hale Boggs Federal Building
                           500 Poydras Street, Room 210
                           New Orleans, Louisiana 70130

For the Defendant:         McPherson & McPherson
                           By:  JAMES A. McPHERSON, ESQ.
                           2434 Highway 53 South
                           Poplarville, Mississippi 39470

Court Audio Operator:      Cynthia Usner

Transcriptionist:          Sherryl Robinson
                           c/o U.S. District Court
                           500 Poydras Street, Room C151
                           New Orleans, Louisiana 70130
                           (504) 589-7721

Proceedings recorded by electronic sound recording,

transcript produced by transcription service.

2

1              P R O C E E D I N G S

2              (Wednesday, March 12, 2003)

3              (Call to Order of the Court)

4         THE COURT:  Be seated, please.

5         Good afternoon ladies and gentlemen.

6    (All Counsel respond, "Good afternoon, Your Honor.")

7         THE COURT:  Would you call the case, please?

8         THE CLERK:  Criminal Action Number 02-346, *United

9    States of America versus David Duke.*

10        THE COURT:  Would Counsel make your appearances for

11   the record, please.

12        MR. McPHERSON:  You can go ahead.

13        MR. GUICE:  Good afternoon, Your Honor, Carter Guice

14   and Jan Maselli Mann for the United States.

15        MR. McPHERSON:  Your Honor, James McPherson

16   representing Mr. Duke.  Mr. Duke is present.

17        THE COURT:  All right.  Could you stand up, Mr. Duke?

18        THE DEFENDANT DAVID DUKE:  (Complying.)

19        THE COURT:  And you are David Duke, sir?

20        THE DEFENDANT DAVID DUKE:  Yes, sir.

21        THE COURT:  The matter is before the Court for

22   sentencing.  The Defendant David Duke has pled guilty to Counts

23   1 and 2 of a two count bill of information which charges him

24   with willfully making and filing United States Income Tax

25   Return Form 1040 for the calendar year 1998, which he falsely

1   represented, under the penalty of perjury, a total income of
2   $18,831 when he knew and believed that his Schedule C gross
3   receipts were substantially in excess of that amount, all in
4   violation of Title 26 United States Code, Section 7206-1.
5          And knowingly and willfully devising and intending to
6   devise a scheme to defraud and to obtain a substantial sum of
7   money from individuals by means of false and fraudulent
8   pretenses, representations and promises, and for the purpose of
9   executing the scheme to the fraud, knowingly caused a letter to
10  be mailed as part of a mass mailing, to be delivered by the
11  United States Postal Service, all in violation of Title 18,
12  United States Code, Section 1341.
13         The Defendant's guilty plea was made pursuant to a
14  plea agreement under Rule 11(e)(1)(c) of the Federal Rules of
15  Civil Procedure.  This procedural rule permits the Government
16  and the Defendant to agree to a specific sentence that will be
17  binding on the Court once the Court accepts the plea agreement.
18  The agreed upon sentence in this case was fifteen months
19  imprisonment.
20         In accordance with Rule l1(e)(1)(c) the Court
21  deferred acceptance of the plea agreement until after the pre-
22  sentence investigation report was received and reviewed by the
23  Court.  The Court has now reviewed the pre-sentence
24  investigation report and the recommendations from the
25  Government as well as the Probation Department, and is now

1  ready to impose sentence.
2           Is there any reason why sentence cannot be imposed at
3  this time, ladies and gentlemen?
4           MR. GUICE:  Not by the Government, Your Honor.
5           MR. McPHERSON:  No, Your Honor.
6           THE COURT:  Mr. Duke, have you received a copy of the
7  pre-sentence investigation report; have you read it and do you
8  fully understand the report, sir?
9           THE DEFENDANT DAVID DUKE:  Yes, Your Honor.
10          THE COURT:  I understand that neither the Defendant
11 nor the Government has raised any objections or proposed any
12 corrections or additions to the report, is that correct?
13          MR. GUICE:  That's correct, Your Honor.
14          MR. McPHERSON:  That's correct, Your Honor.
15          THE COURT:  With there being no objections,
16 corrections, alterations or additions to the factual statements
17 contained in the pre-sentence investigation report, the Court
18 adopts those statements as its findings of fact.
19          The Court agrees with the conclusions in the pre-
20 sentence investigation report and finds that according to the
21 applicable sentencing guidelines in this case, the sentencing
22 guidelines applicable to the case, is as follows:
23          Total offense level, fourteen; criminal history
24 category one, indicating a fifteen to 21 month imprisonment as
25 to Counts 1 and 2; one year as to Count 1 and two to three

1   years as to Count 2, supervised release; a $4,000 to $40,000

2   fine; plus costs of imprisonment and supervision; a $200

3   special assessment fee.  Restitution is not applicable to this

4   particular case and the Defendant is ineligible for probation.

5            Mr. Duke, do you have anything to say or offer in

6   mitigation to punishment before sentence is imposed upon you,

7   sir?

8            THE DEFENDANT DAVID DUKE:  No, Your Honor.

9            THE COURT:  Counsel, do you have anything to add or

10  say?

11           MR. McPHERSON:  No, Your Honor.

12           THE COURT:  Does the Government wish to say anything?

13           MR. GUICE:  No, Your Honor, not at this time.

14           THE COURT:  As noted above, the plea agreement in

15  this case was reached pursuant to Rule 11(e)(1)(c) of the

16  Federal Rules of Criminal Procedure, and the Court deferred

17  acceptance of the plea agreement until after the pre-sentence

18  investigation report was received and reviewed by the Court.

19           The Court has reviewed the pre-sentence investigation

20  report and the recommendations of the Government and Probation,

21  and the Court now accepts the terms of the plea agreement.

22           Accordingly, pursuant to the Sentence Reform Act of

23  1984, it is the judgment of the Court that the Defendant, David

24  Duke, is hereby committed to the custody of the Bureau of

25  Prisons, to be imprisoned for a period of fifteen months as to

1  each of Counts 1 and 2, to be served concurrently.
2           It is further ordered that the Defendant shall pay a
3  fine to the United States in the amount of $10,000 as to Count
4  1.  The said fine includes the cost of confinement, pursuant to
5  the United States Sentencing Guidelines 5B1.2(f) and (i), and
6  the fine shall be paid immediately.
7           Upon release from imprisonment, the Defendant shall
8  be placed on supervised release for a term of two years.  The
9  term consists of one year on Count 1 and a term of two years as
10 to Count 2, the said terms to run concurrent.
11          Further, pursuant to the agreement you have with the
12 Government, the term of supervised release will be an inactive
13 term of supervised release after the passage of 30 days from
14 the Defendant's release from imprisonment.
15          Within 72 hours of release from the custody of the
16 Bureau of Prisons, the Defendant shall report in person to the
17 Probation Office of the district in which the Defendant is
18 released.
19          While on supervised release the Defendant shall
20 comply with the mandatory and standard conditions that have
21 been adopted by the Court and shall not possess a firearm, and
22 the Court suspends the Government testing condition.
23          In addition, the following special conditions are
24 imposed:
25          The Defendant shall cooperate with the Internal

1  Revenue Service with regard to any efforts to assist his
2  outstanding tax debt, and shall pay that debt as directed by
3  the Internal Revenue Service.
4           The Defendant shall attend and fully participate in
5  and cooperate with any programs for gambling addiction as
6  directed by the United States Probation Office that is
7  applicable.
8           Third, the orientation and life skills condition, the
9  financial disclosure condition, the financial restriction
10 condition; the Defendant shall any fine that has been imposed
11 by this judgment.
12          It is further ordered that the Defendant shall pay
13 the United States a special assessment fee of $200 which shall
14 be due immediately.
15          At this time, Mr. Duke, I advise you that you have a
16 right to appeal this sentence.  To the extent that you have not
17 waived that right, if you can't afford the services of an
18 attorney one will be appointed to represent you.  If you need a
19 copy of this transcript, I would also make it available to you
20 without cost.
21          Does the Government have any motions at this time?
22          MR. GUICE:  No, Your Honor.
23          THE COURT:  Pursuant also to the agreement that you
24 have with the Government, it is further ordered that the
25 Defendant David Duke surrender himself to the institution

```
 1  designated by the Bureau of Prisons on Tuesday, April 15th by
 2  12:00 noon.
 3              MR. McPHERSON:  Thank you, Your Honor.
 4              THE COURT:  Thank you.
 5       (Pause.)
 6              THE COURT:  Is there anything further from the
 7  Government?
 8              MS. MANN:  No, Your Honor.
 9              MR. GUICE:  No, Your Honor.
10              THE COURT:  Is there anything further from the
11  Defendant?
12              MR. GUICE:  No, Your Honor.
13              THE DEFENDANT DAVID DUKE:  No, sir.
14              THE COURT:  Court will stand in recess.
15              MR. McPHERSON:  Thank you.
16              MR. GUICE:  Thank you, Your Honor.
17                         *   *   *   *   *
18                       (Hearing is Concluded)
19
20
21
22
23
24
25
```

9

## **C E R T I F I C A T E**

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

| | |
|---|---|
| **S/Sherryl P. Robinson** | **10/14/09** |
| **Sherryl P. Robinson** | **Date** |